1
2
3
4                        UNITED STATES DISTRICT COURT
5                      NORTHERN DISTRICT OF CALIFORNIA
6
7   SHEYNA DOUPREA,                          Case No.  15-cv-06133-JST
                    Petitioner,
8
         v.                                  ORDER TO SHOW CAUSE; DENYING
9                                            REQUEST FOR APPOINTMENT OF
    DEBORAH K. JOHNSON,                       COUNSEL
10
                    Respondent.              Re: Dkt. No. 5
11
12
13          Petitioner, a state prisoner incarcerated at Central California Women's Facility and
14  proceeding pro se, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254.  She has
15  paid the filing fee.
16                                      BACKGROUND
17          In 2010, a Sonoma County jury found petitioner guilty of first degree murder (Cal. Penal
18  Code § 187), and also found true a personal knife use enhancement (Cal. Penal Code §
19  12022(b)(1)).  Docket No. 1 ("Pet.") at 2 and Docket No. 2 at 12.  She was sentenced to twenty-
20  six years to life in state prison.  Pet. at 1.  Her conviction was affirmed by the California Court of
21  Appeal on November 20, 2012, and her petition for review was denied by the California Supreme
22  Court on March 13, 2013.  Docket No. 2 at 13.  On May 15, 2014, petitioner filed a petition for a
23  writ of habeas corpus in the California Supreme Court, which was denied on December 16, 2015.
24  Id.  The instant action was filed on December 28, 2015.
25                                      DISCUSSION
26  A.      Standard of Review
27          This court may entertain a petition for writ of habeas corpus "in behalf of a person in
28  custody pursuant to the judgment of a state court only on the ground that he is in custody in

United States District Court
Northern District of California

violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose

v. Hodges, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show

cause why the writ should not be granted, unless it appears from the application that the applicant

or person detained is not entitled thereto." 28 U.S.C. § 2243.

**B.**    **Petitioner's Claims**

As grounds for federal habeas relief, petitioner claims that:  (1) she was denied effective

assistance of counsel when trial counsel failed to investigate and present evidence of her mental

condition at the time of the offense; (2) she was denied effective assistance of counsel when trial

counsel failed to present blood spatter evidence; (3) she was denied effective assistance of counsel

when trial counsel failed to object to prosecutorial misconduct and inadmissible evidence; (4) she

was denied effective assistance of counsel when trial counsel failed to request a modification of

CALCRIM No. 851; (5) she was denied effective assistance of counsel when trial counsel failed to

object to admission of an already excluded stabbing incident; (6) Cal. Evid. Code § 1109 and

CALCRIM No. 852 permitted the jury to render a conviction based on proof less than beyond a

reasonable doubt, in violation of petitioner's due process rights under the Fifth and Fourteenth

Amendments; and (7) cumulative error.  Liberally construed, the claims appears cognizable under

§ 2254 and merit an answer from respondent.  See Zichko v. Idaho, 247 F.3d 1015, 1020 (9th Cir.

2001) (federal courts must construe pro se petitions for writs of habeas corpus liberally).

**C.**    **Motion to Appoint Counsel**

Petitioner has filed a motion requesting appointment of counsel because the issues

presented are complex and the interests of justice so require.  Docket No. 5.  Attached to her

motion is a declaration from former State Public Defender alleging that the petition for a writ of

habeas corpus presents issues of legal, procedural, and factual complexity.  Id. at 4.

The Sixth Amendment's right to counsel does not apply in habeas corpus actions.  See

Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir. 1986).  However, 18 U.S.C. § 3006A(a)(2)(B)

authorizes a district court to appoint counsel to represent a habeas petitioner whenever "the court

determines that the interests of justice so require" and such person is financially unable to obtain

representation.  The decision to appoint counsel is within the discretion of the district court. Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986); Knaubert, 791 F.2d at 728; Bashor v. Risley, 730 F.2d 1228, 1234 (9th Cir. 1984).

At this early stage of the proceedings the Court is unable to determine whether the appointment of counsel is mandated for petitioner.  The Court notes that petitioner has presented her claims adequately in the petition,[1] and no evidentiary hearing appears necessary at this time. Accordingly, the interests of justice do not require appointment of counsel at this time, and petitioner's request is DENIED without prejudice.

### CONCLUSION

For the foregoing reasons and for good cause shown,

1.      The Clerk shall mail a copy of this order and the petition with all attachments to the respondent and the respondent's attorney, the Attorney General of the State of California.  The Clerk shall also serve a copy of this order on petitioner.

2.      Respondent shall file with the Court and serve on Petitioner, within **ninety-one (91) days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on the claims found cognizable herein.  Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, she shall do so by filing a traverse with the Court and serving it on respondent within **twenty-eight (28) days** of the date the answer is filed.

3.      Respondent may file, within **ninety-one (91) days**, a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within

---

[1] The instant petition for a writ of habeas corpus was prepared for petitioner by the Office of the State Public Defender, see Docket No. 5 at 4, and is a thorough and detailed presentation of the facts and legal claims, see Docket Nos. 3 and 4.

3

1   **twenty-eight (28) days** of the date the motion is filed, and respondent shall file with the Court and

2   serve on petitioner a reply within **fourteen (14) days** of the date any opposition is filed.

3          4.    Petitioner is reminded that all communications with the Court must be served on

4   respondent by mailing a true copy of the document to respondent's counsel.  Petitioner must keep

5   the Court informed of any change of address and must comply with the Court's orders in a timely

6   fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant

7   to Federal Rule of Civil Procedure 41(b).  See Martinez v. Johnson, 104 F.3d 769, 772 (5th Cir.

8   1997) (Rule 41(b) applicable in habeas cases).

9          5.    Upon a showing of good cause, requests for a reasonable extension of time will be

10  granted provided they are filed on or before the deadline they seek to extend.

11         IT IS SO ORDERED.

12  Dated:  April 25, 2016

13  

14                                           JON S. TIGAR

                                  United States District Judge

*United States District Court*
*Northern District of California*

4